UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **VINCENT MICHAEL MARINO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-813 (RMC) |
| | ) | |
| **CENTRAL INTELLIGENCE AGENCY,** | ) | |
| *et al*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Vincent M. Marino, proceeding *pro se*, sues a host of Defendant Agencies[1] under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C.A. § 552a, for documents related to an alleged 1996 operation during which physicians "intentionally surgically implant[ed] . . . electronic tracking & listening devices in Marino's brain & or body." Pl.'s Opp'n [Dkt. 28] at 1 (unchanged original). The Complaint will be dismissed.

Mr. Marino's Complaint is very simple:

---

[1] Defendants are Central Intelligence Agency ("CIA"), National Security Agency ("NSA"), Defense Intelligence Agency ("DIA"), National Aeronautics Space Administration ("NASA"), Defense Advance Research Project Agency ("DARPA"), National Reconnaissance Office ("NRO"), Federal Bureau of Investigation ("FBI"), National Geospatial Intelligence Agency ("GIA"), National Security Counsel ("NSC"), Defense Threat Reduction Agency ("DTRA"), Office of Science and Technology ("OSTP"), National Science Foundation ("NSF"), National Security Director ("NSD"), Drug Enforcement Administration ("DEA"), Department of Defense ("DOD"), United States Department of State ("DOS"), Federal Bureau of Prisons ("BOP"), Department of Homeland Security ("DHS"), Department of Energy ("DOE"), United States Department of Justice ("DOJ"), the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), Commander U.S. Army Intelligence & Security Command ("AISC"), Department of the Army ("Army"), the Office of the Judge Advocate General ("JAG"), Commandant of the Marine Corps, Headquarters U.S. Marine Corps. ("USMC"), Department of the Air Force ("USAF"), and Department of the Navy Headquarters ("Navy").

> Hand over records concerning Plaintiff Vincent Michael Marino . . ., consisting of all records generated by [the Defendant Agencies] concerning the November 24, 1996 surgical implantation of numerous devices in Plaintiff Marino's brain & body by the . . . defendants . . . while Marino was under general anesthesia at Massachusetts General Hospital "MGH" owned by Partner Health Care Systems Inc Boston Massachusetts for a **"RUSE"** Laparocsopic exploratory surgery & bullet removal . . . .

Compl. ¶ 1 (errors in original).

Mr. Marino elaborates in his Complaint that "MGH's staff surgically placed numerous electronic satellite tracking, listening microchips in Marino's body & brain." *Id*. ¶ 38. He alleges that the Defendants used

> super advanced, sophisticated billion dollar intelligence communications satellites, echelon intelligence, artificial intelligence, nanotechnology intelligence, Quantum Computer Intelligence surveillance technologies connected to super advanced computers transmitting to & from Marino's implanted devices in Marino's brain & body . . . being used in research & development & surveillance study, project at Marino's physical & mental health expense.

*Id*. ¶ 39. As a result of this surgery, Mr. Marino contends that he "was filmed conducting paranormal, esoteric, phenomena events" from February 7, 2004 after 10 p.m. through February 28, 2004. Pl.'s Opp'n ¶ 6.

The Complaint will be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); 'wholly insubstantial,' *Bailey v. Patterson*, 369 U.S. 31, 33 (1910); 'plainly unsubstantial,' *Levering & Garriques Co. v. Morrin*, 289 U.S. 103, 105 (1933); or 'no longer open to discussion,' *McGilvra v. Ross*, 215 U.S. 70, 80 (1909)." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). "A dismissal on this ground is warranted only 'where [] a claim is wholly insubstantial and frivolous.'" *Fiorani v. United*

*States*, No 06-739, 2006 WL 3791384 (D.D.C. Dec. 22, 2006) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (alterations in original)).  Claims involving "bizarre conspiracy theories" or "fantastic government manipulation of [one's] will or mind" are "essentially fictitious'" and "devoid of merit." *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994).

Mr. Marino seeks documentation to support a fantastic scenario of government manipulation of his mind through the insertion of electronic devices in his brain and body.  His scenario is "clearly fanciful." *Id.* at 331.  Complaints seeking access to information from the federal government are subject to dismissal where the plaintiff's stated belief that the relevant agency maintains the information sought is factually frivolous. *See Burr v. Huff*, 112 Fed. Appx. 537 (7th Cir. Oct. 14, 2004) (affirming dismissal of a FOIA complaint where facts alleged were too "insubstantial" to establish federal jurisdiction).  Because Mr. Marino's imaginary account of electronic devices is the sole basis for his requests to the Defendant Agencies, the Court will dismiss his Complaint.

Mr. Marino further filed a motion to compel the NSA, CIA, NGA, NASA, BOP, DOJ, USAF, DOJ, and National Intelligence Director's Office to "publicly inform Marino . . . [of] the specific location of the defendant's installed GPS tracking & listening devices in Marino's brain & body."  That motion will be denied as moot.

A memorializing Order accompanies this Memorandum Opinion.

Date: September 28, 2012                                 /s/                
                                                                      ROSEMARY M. COLLYER
                                                                      United States District Judge